# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-02303-JMB |
| ) | |
| SIONYA HALEY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a "Notice of Removal" filed by defendant Sionya Haley.[1] (Docket No. 1). Defendant is seeking to remove her state criminal case to federal court. For the reasons discussed below, the Court will vacate defendant's notice of removal and remand this matter back to state court.

## Background

Defendant was indicted in Missouri state court on two Class B felony charges of child abuse or neglect, and one Class D felony charge of child abuse or neglect. *State of Missouri v. Haley*, No. 1822-CR03243-01 (22nd Cir., St. Louis City).[2] She was arraigned on November 19, 2018. The case has been set for trial on September 3, 2019.

Defendant filed this removal action on August 6, 2019. (Docket No. 1). The notice of removal consists of a certificate of service, along with a number of exhibits. The exhibits include a document titled "UCC 1-202 Notice and Knowledge," sent to Missouri Circuit Court clerk

---

[1] Defendant states that she is now known as "Priya Sha'ul me'el©™."
[2] Defendant's underlying state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these state public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Thomas Kloeppinger; a document titled "UCC § 1-202 Notice; Knowledge," sent to Judges Elizabeth Byrne Hogan and Michael Noble; an "Enrolled Tribal Member Certificate" for the Oka Lusa Achukma Arawak Chahta Tribe/Nation; a state court "Motion to Challenge Jurisdiction" signed by defendant; a state court Motion to Dismiss with Prejudice" signed by defendant; an "Ethnicity and Race Identification" form; a "Statutory Declaration" signed by defendant; a "Notice, Affidavit and Declaration of Proof of Life" signed by defendant; filings and court orders from defendant's state case; and a motion titled "3rd Party Interloper," signed by Marshawn Shiloh Wijaya Sha'ulme'el©™.

Despite providing receipts showing that defendant has mailed this action to the state court, there is no indication that it has been filed there.

## Discussion

Defendant has filed a notice of removal, seeking to remove her state criminal case to federal court. A defendant who desires to remove any criminal prosecution from a state court may file a notice of removal in federal court "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." 28 U.S.C. § 1455(a). The notice of removal must include all grounds for removal. 28 U.S.C. § 1455(b)(2). The notice of removal must also be filed within thirty days of the state court arraignment, unless good cause has been shown to warrant filing the notice at a later time. 28 U.S.C. § 1455(b)(1). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Here, it clearly appears from the face of defendant's notice and attached exhibits that removal should not be permitted. To begin, plaintiff's notice of removal is untimely. As noted

above, the removal must be filed within thirty days of arraignment. Defendant was arraigned on November 19, 2018. She did not file the present action until August 6, 2019. This 260-day period far exceeds the thirty day window provided by statute. Furthermore, defendant does not provide any reason to warrant the late filing, much less demonstrate good cause.

Even if defendant's removal action was timely, she has failed to state adequate grounds for removal. She does not, for instance, allege that removal is necessary to enforce "a right under any law providing for the equal rights of citizens of the United States." *See* 28 U.S.C. § 1443(1). Instead, based upon the exhibits attached to defendant's filing, it is clear that she is premising removal upon her status as a "sovereign citizen." Because of this status, defendant appears to believe that the State of Missouri has no jurisdiction over her. She supports this claim with rambling and incoherent explanations. For instance, she cites as authority the 1931 Statute of Westminster, the Articles of Confederation, the Treaty of Ghent, and the 1836 Treaty of Marrakesh. (Docket No. 1-1 at 15). She also asserts that she learned that the registration of her birth "was a contract between [her] mother and the U.S. Government Corporation[,] who did not tell her [mother] that she was selling [defendant], a flesh and blood child, to the State of Missouri Corporation as the Chattel Property/Slave, which is a violation of Human Rights."

"Sovereign citizens are a loosely-affiliated group who believe the government in the United States operates illegitimately and outside the bounds of its jurisdiction." *Waters v. Madson*, 921 F.3d 725, 732 n.4 (8th Cir. 2019). The arguments proposed by sovereign citizens have been widely rejected as "having no conceivable validity in American law." *United States v. Hardin*, 489 Fed. Appx. 984, 986 (8th Cir. 2012) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)). *See also United States v. Simonson*, 563 Fed. Appx. 514 (8th Cir. 2014) (stating that defendants' argument that they were "special sovereign citizens" was frivolous). As such,

3

defendant's proposition that her criminal action should be removed from state court because she is somehow outside the state court's jurisdiction is meritless. Therefore, defendant's notice of removal must be vacated, and the action remanded to the 22nd Judicial Circuit Court, City of St. Louis. *See Minnesota v. Barry*, 2018 WL 3075983, at *1 (D. Minn. 2018) (adopting magistrate's recommendation to vacate notice of removal filed by sovereign citizen, and remand to state district court).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's notice of removal (Docket No. 1) is **VACATED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the 22nd Judicial Circuit, City of St. Louis.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward a certified copy of this order to the St. Louis City Circuit Court, with reference to *State of Missouri v. Haley*, No. 1822-CR03243-01 (22nd Cir., St. Louis City).

Dated this 13th day of August, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE